UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

THE BENNETT FUNDING GROUP, INC.                    Bankr. Case No. 06-61376

                                                   Chapter 11

                        Debtor.

_____

ADES AND BERG GROUP INVESTORS,
                                                   Dist. Ct. Case No. 6:06-CV-1390
                                                                    (LEK)

                        Appellants,

        -against-

RICHARD C. BREEDEN, Chapter 11 Trustee
of the Bennett Funding Group, Inc., *et al.*,

                        Appellees.

_____


### MEMORANDUM-DECISION AND ORDER

        This matter comes before the Court on appeal, pursuant to 28 U.S.C. § 158(a), from a

Memorandum-Decision, Findings of Fact, Conclusion of Law and Order ("Bankruptcy Order"),

dated October 23, 2006, of the United States Bankruptcy Court for the Northern District of New

York (*Gerling*, Chief B.J.).  The Ades Group and Berg Group (the "Ades Investors") appeal the

Bankruptcy Order awarding Richard C. Breeden, Chapter 11 trustee (the "Trustee") of The Bennett

Funding Group, Inc. ("BFG") and its related companies, including The Processing Center, Inc.

("TPC"), (collectively, the "Debtors"), judgment on the pleadings and dismissing the Ades

Investors' counterclaims for imposition of a constructive trust upon the proceeds of a reinsurance

policy allegedly covering the Ades Investors' losses.  For the following reasons, the appeal is denied

and the decision of the  United States Bankruptcy Court for the Northern District of New York

("Bankruptcy Court") is affirmed.

## I.    Background

This action arises out of the bankruptcy filing of BFG and its related companies; a detailed

account of the procedural and factual background of this adversary proceeding and the related

bankruptcy case can be found in the following decisions: Ades-Berg Investors v. Breeden (In re

Bennett Funding Group, Inc.), 439 F.3d 155 (2d Cir. 2006); Breeden v. Sphere Drake Ins., PLC (In

re Bennett Funding Group, Inc.), 270 B.R. 126 (S.D.N.Y. 2001) ("2001 Standing Decision"), aff'd

sub nom. Breeden v. Ades Investor Group (In re Bennett Funding Group, Inc.), 60 Fed. App'x. 863

(2d Cir. 2003); Breeden v. Sphere Drake Ins., PLC (In re Bennett Funding Group, Inc., 258 B.R. 67

(Bankr. N.D.N.Y. 2000); Breeden v. Sphere Drake Ins., PLC (In re Bennett Funding Group, Inc.),

No. 97-70049, 2000 Bankr. LEXIS 1693 (Bankr. N.D.N.Y. Mar. 3, 2000); Breeden v. Sphere Drake

Ins., PLC (In re Bennett Funding Group, Inc.), No. 97-70049, 1999 Bankr. LEXIS 1857 (Bankr.

N.D.N.Y. Aug. 6, 1999).  The facts and background, relevant to the present motion, are as follows.

On February 24, 1997, the Trustee commenced an adversary proceeding against, inter alia, Sphere

Drake Insurance, plc, and Sphere Drake Underwriting Management (Bermuda) Limited (collectively

"Sphere Drake") in the Bankruptcy Court.  This Court adopted the Bankruptcy Court's

recommendation that the adversary proceeding be adjudicated with a class action instituted by

various BFG investors against Sphere Drake in the United States District Court for the Southern

District of New York (the "Southern District").  The Trustee asserted claims against Sphere Drake

to recover the proceeds of a reinsurance policy Sphere Drake issued to one of BFG's companies and

claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty.  In addition,

the Trustee asserted claims for a declaratory judgment against various investors in the Debtors; the

Trustee sought a finding that these investors were not entitled to direct payment of insurance or

reinsurance proceeds by Sphere Drake.  The Ades Investors claimed rights to the proceeds of the

reinsurance policy and asserted a counterclaim against the Trustee seeking a declaration that the

reinsurance proceeds were not property of the Debtors' estate, and a cross-claim against Sphere

Drake demanding payment of such proceeds to the Ades Investors rather than to the Trustee.

In the fall of 2000, Sphere Drake reached an agreement with the Trustee to settle the

adversary proceeding.  As part of the settlement, the Southern District granted a summary judgment

motion filed by both Sphere Drake and the Trustee, dismissed with prejudice the Ades Investors'

cross-claim against Sphere Drake, and dismissed without prejudice to renew in the Bankruptcy

Court proceeding the Ades Investors' counterclaim against the Trustee.  See Breeden v. Sphere

Drake Insurance, PLC (In re Bennett Funding Group, Ins. Secs. Litig.), 270 B.R. 126 (S.D.N.Y.

2001).  The Southern District found that payment under the Sphere Drake reinsurance policy could

only be made to a party named as a loss payee in the contract and that the Ades Investors were not

named as a loss payees in any of the documents relevant to the contract dispute.  Id. at 130-31.  The

United States Court of Appeals for the Second Circuit (the "Second Circuit" or the "Circuit")

affirmed the Southern District's decision.  See Breeden v. Ades Investor Group (In re Bennett

Funding Group), No. 02-5021, 2003 WL 1191171 (2d Cir. Mar 13, 2003).

The Southern District transferred the Trustee's declaratory judgment action back to this

Court on February 26, 2002; this Court then transferred the action back to the Bankruptcy Court.

Subsequently, the Trustee, Sphere Drake, and other investors with claims against Sphere Drake

reached a settlement agreement; the agreement required Sphere Drake to pay approximately $27.5

million for a release of the claims asserted against it.  On March 13, 2003, the Trustee filed a motion

pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking the Bankruptcy Court's

authorization to enter into the settlement and approval of the *pro rata* allocation of $27.5 million.

After the Ades Investors objected to the Trustee's motion, the Bankruptcy Court authorized the

settlement.  The Ades Investors then filed a motion seeking to alter or amend the Bankruptcy

Court's order approving the settlement, which the Bankruptcy Court found untimely; this Court and

the Second Circuit affirmed the Bankruptcy Court's decision.  See Ades-Berg Investors v. Breeden

(In re Bennett Funding Group, Inc.), 439 F.3d 155 (2d Cir. 2006).

On April 12, 2004, the Bankruptcy Court entered a separate order directing the allocation of

the proceeds derived from the settlement with Sphere Drake; a portion of the proceeds was allocated

to creditors with Sphere Drake-related investments, while the balance of the proceeds was to be

distributed to the general unsecured creditors.  The Ades Investors filed a notice of appeal from the

Bankruptcy Court's order allocating the settlement proceeds, but the appeal was never perfected and

this Court dismissed it on July 15, 2005.  The Circuit affirmed the Bankruptcy Court's order

allocating the settlement proceeds on June 5, 2006.

The Ades Investors also filed a Renewal of Counterclaim with the Bankruptcy Court on June

25, 2003.  The Ades Investors again sought a judgment declaring that the proceeds of the Sphere

Drake reinsurance policy were not property of the Debtors' estate and directing the Trustee, as

trustee of a constructive trust, to pay the Ades Investors the amount of any proceeds received from

Sphere Drake.  After the Circuit affirmed the allocation of the settlement proceeds, the Trustee filed

a motion for judgment on the pleadings to dismiss the Ades Investors' constructive trust

counterclaims.  The Bankruptcy Court granted the Trustee's motion for judgment on the pleadings

on October 23, 2006 and ordered the Trustee to disburse the proceeds from the settlement with

Sphere Drake.  See Bankruptcy Order (Dkt. No. 1, Attach. 7).  The Ades Investors then filed the

appeal now before the Court.

## II.     Discussion

### A.     Standard of Review

This Court reviews *de novo* the Bankruptcy Court's grant of judgment on the pleadings.  See

Karedes v. The Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005).  The Court accepts the

Bankruptcy Court's factual findings unless they are clearly erroneous.  Midland Cogeneration

Venture Limited Partnership v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 124 (2d Cir. 2005).

### B.     Bankruptcy Court Applied Correct Legal Standard for Imposition of a Constructive Trust

The Ades Investors assert that the Bankruptcy Court should have applied New York

constructive trust law without any contraction of the equitable remedy on account of the Debtors'

bankruptcy filing.  Ades Investors' Brief (Dkt. No. 5) at 22-23.  However, the Court finds that the

Bankruptcy Court properly applied and analyzed the legal standard applicable to the Ades Investors'

claim for the imposition of a constructive trust.

The Bankruptcy Court did apply and analyze whether the Ades Investors' claim adequately

met the four elements applicable under New York law for the imposition of a constructive trust.

See Bankruptcy Order (Dkt. No. 1, Attach. 7) at 12-17.  However, the Ades Investors object to the

Bankruptcy Court's notice of the Second Circuit's admonition that it impose a constructive trust

"cautiously to minimize the conflict with the goals of the Bankruptcy Code."  Id. at 11 (quoting

Superintendent of Ins. for New York v. Ochs (In re First Cent. Fin. Corp.), 377 F.3d 209, 217 (2d

Cir. 2004) ("First Central")).  Chief Judge Gerling correctly stated that the Circuit in First Central,

under the heading "Special Consideration Within the Bankruptcy Context," specifically noted that a

difference exists between constructive trust claims arising in the bankruptcy context as opposed to

those that do not.  Bankruptcy Order (Dkt. No. 1, Attach. 7) at 11 (citing First Central, 377 F.3d at

218)).  The Circuit observed that the "equities of bankruptcy are not the equities of the common

law," and explained that a constructive trust claim is generally intended to prevent unjust

enrichment by one who failed to meet an obligation or committed a fraud; however, a bankruptcy

trustee marshals assets for the estate for distribution under court supervision and does not generally

hold property under circumstances where equity mandates he ought not to retain it.  See First

Central, 377 F.3d at 218.  It was not improper for the court below to adhere to unquestioned,

binding precedent.

     **C.**     **The Bankruptcy Court Properly Held that the Ades Investors Have Not Stated
a Viable Claim for the Imposition of a Constructive Trust**

The Ades Investors agree that the Bankruptcy Court properly found that three of the four

elements of a constructive trust are present in the case at bar: (1) the Trustee is a fiduciary for all

unsecured creditors, including the Ades Investors; (2) BFG and/or related entities promised the

Ades Investors that their investments were insured; and (3) a transfer of funds for investment

purposes was made in reliance of the promise.  Bankruptcy Order (Dkt. No. 1, Attach. 7) at 12-13;

Ades Investors' Brief (Dkt. No. 5) at 15.  However, the Ades Investors argue that the Bankruptcy

Court incorrectly held that the fourth element for the creation of a constructive trust was not met.

The Bankruptcy Court held the Trustee was not unjustly enriched when he retained the settlement

proceeds from Sphere Drake on behalf of the Debtors' estates for distribution to the unsecured

creditors.  Ades Investors' Brief (Dkt. No. 5) at 15.

   "Whether a party is unjustly enriched is a legal conclusion." First Central, 377 F.3d at 213

(citing Brand v. Brand, 811 F.2d 74, 81 (2d Cir. 1987) ("A conclusion that one has been unjustly

enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of

property and the relationship of the parties.")).  Accordingly, the Court will review the Bankruptcy

Court's holding *de novo*.  Under New York law, "the purpose of the constructive trust is prevention

of unjust enrichment." Simonds v. Simonds, 45 N.Y.2d 233, 242 (1978).  However, when a party

has been unjustly enriched it does not necessarily follow that it has engaged in fraudulent or

wrongful activity to be enriched; instead, the party simply holds property "under such circumstances

that in equity and good conscience [it] ought not to retain." Id.  As a result, in order "to prevail on a

claim of unjust enrichment, 'a party must show that (1) the other party was enriched, (2) at that

party's expense, and (3) that it is against equity and good conscience to permit [the other party] to

retain what is sought to be recovered.'" Cruz v. McAneney, 816 N.Y.S.2d 486, 490-91 (N.Y. App.

Div., 2d Dep't 2006) (quoting Citibank, N.A. v. Walker, 787 N.Y.S.2d 48 (N.Y. App. Div, 2d Dep't

2004), quoting Paramount Film Distrib. Corp. v. State of New York, 20 N.Y.2d 415, 421 (1972)).

   The Ades Investors argue that while TPC's status as a loss payee on the Sphere Drake

reinsurance policy accounts for the Trustee's possession of the settlement proceeds, the Ades

Investors are the intended beneficiaries of the Sphere Drake reinsurance policy.  Ades Investors'

Brief (Dkt. No. 5) at 16-19. Therefore, according to the Ades Investors, case law holds that the

Trustee and the estate will be unjustly enriched because they received the proceeds of an insurance

policy to which they did not have an underlying beneficial interest.  Id.  The Trustee counters that

the funds at issue are not the proceeds of a reinsurance policy, but instead are proceeds of a

settlement of a variety of tort and contract claims.  Trustee's Brief (Dkt. No. 7) at 15.

The Court agrees with the Trustee and the Bankruptcy Court that the Ades Investors reliance

on Counihan v. Allstate Ins. Co., 194 F.3d 357 (2d Cir. 1999), and Chemical Bank v. United States

Lines (S.A.), Inc. (In re McLean Industries, Inc.), 132 B.R. 271 (Bankr. S.D.N.Y. 1991), is

misplaced.  In Counihan, the United States had obtained a forfeiture judgment on property that had

been used in narcotics activity.  During the appeals process, the property at issue in  Counihan was

destroyed by arson.  Counihan, 194 F.3d at 359.  After the fire, the original property owner brought

an action seeking to recover the insurance proceeds from the casualty insurance company.  Id.  The

United States intervened asserting that it was entitled to the benefits of the fire insurance policy

under a constructive trust theory.  Id.  The Second Circuit, reasoning that the original property

owner would be unjustly enriched because "the insurance proceeds represented the same economic

benefits in the [p]roperty which, pursuant to the forfeiture judgment, [the original property owner]

was required to forfeit directly to the United States," id. at 361, affirmed the imposition of a

constructive trust on the insurance proceeds.  Id. at 362.

The Bankruptcy Court distinguished Counihan because it did not involve a debtor in

bankruptcy.  Bankruptcy Order (Dkt. No. 1, Attach. 7) at 16.  This Court agrees that, in light of the

Second Circuit's admonition in First Central, precedents involving the imposition of constructive

trusts outside of the bankruptcy context are not binding and are less persuasive in adversary actions

in bankruptcy proceedings, such as the case at bar; the equities at issue are significantly different

when a claimant seeks to impose a constructive trust on proceeds held by a bankruptcy trustee for

distribution to all similarly situated unsecured creditors.  See First Central, 377 F.3d at 217-18

(collecting cases from the Second Circuit demonstrating courts' reluctance to impose constructive

trusts in bankruptcy proceedings without a substantial reason to do so).  Moreover, as the Trustee

notes, unlike the United States in Counihan, the Ades Investors do not have a sole interest in the

proceeds at issue: the proceeds were obtained from a settlement of both tort and contract claims, not

just based on a payout of the reinsurance contract, and there are significant numbers of other

creditors who, like the Ades Investors, were allegedly persuaded to invest in Sphere Drake-related

products and who could make similar claims to the proceeds.

        While the constructive trust imposed in McLean did arise in the course of a bankruptcy

proceeding, it too can be distinguished from the action before the Court.  In McLean, Chemical

Bank, N.A. was a secured creditor that had been listed on the insurance policy as a loss payee,

however, when the debtor changed insurers, the new policy mistakenly did not include the bank as a

loss payee.  McLean, 132 B.R. at 275-76.  The court in McLean explained that the circumstances in

that case made it clear that all the parties intended to secure Chemical Bank's equitable interest in

the insurance proceeds, and, in order to protect those intentions, the court imposed a constructive

trust on the proceeds.  Id. at 286-87.  In contrast, the Ades Investors were never named or

considered to be loss payees, nor were they secured creditors.  Accordingly, unlike in McLean, there

is no indication that the Ades Investors were intended to be the sole beneficiaries of the policy, at

the expense of Debtor, its estate, and the unsecured creditors; in fact, when the Second Circuit

dismissed the Ades Investors' claims against Sphere Drake, it held that the Ades Investors' were not

named on the policies and that such a policy only operates between the reinsurer and the insurer,

TPC, and confers no rights on the Ades Investors to collect any payments on the Sphere Drake

reinsurance policy.  See Breeden v. Ades Investor Group (In re Bennett Funding Group), 60 Fed. App'x 863, 865 (2d Cir. 2003).

Having distinguished the primary cases relied upon by the Ades Investors, the Court also agrees with the Bankruptcy Court that there is nothing unconscionable or inequitable about allowing the Trustee to distribute the Sphere Drake settlement proceeds pursuant to the Bankruptcy Court's order.  As the Bankruptcy Court found, the Trustee has acted in accordance with the Bankruptcy Code and is marshalling assets in order to satisfy as many unsecured claims as possible.  A court imposing a constructive trust principally seeks to prevent one party from retaining proceeds that in equity and good conscience should be recovered by the claimant.  See Cruz, 816 N.Y.S.2d at 490-91.  In this action, the Trustee and the other unsecured creditors have expended considerable time and resources to secure a settlement with Sphere Drake.  The Trustee, under the Bankruptcy Court's supervision, seeks to distribute the proceeds from the settlement in an equitable manner to satisfy, as best as possible, the unsecured claims resulting from BFG's bankruptcy.  The Trustee does not seek to keep the settlement proceeds, nor are the claims to the proceeds made by the Trustee on behalf of the unsecured creditors unjust.  Accordingly, the Court does not find any substantial equitable reason to impose a constructive trust on the settlement proceeds and affirms the Bankruptcy Court's order granting judgment on the pleadings.

### III.   Conclusion

Accordingly, it is hereby

**ORDERED**, that Memorandum-Decision, Findings of Fact, Conclusion of Law and Order, dated October 23, 2006, of the United States Bankruptcy Court for the Northern District of New York (*Gerling*, Chief B.J.) is **AFFIRMED**; and it is further

**ORDERED**, that Appellant's appeal is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:     July 09, 2007
              Albany, New York

Lawrence E. Kahn
U.S. District Judge